IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BARBARA RAY                                                                                    PLAINTIFF

vs.                                          Civil No. 1:20-cv-01034

COMMISSIONER, SOCIAL                                                                          DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Barbara Ray ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Title II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability applications on January 6, 2017. (Tr. 21). In these applications, Plaintiff alleges being disabled due to high blood pressure, Type 2 diabetes, and

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 16. These references are to the page number of the transcript itself not the ECF page number.

1

depression. (Tr. 326). Plaintiff alleges an onset date of January 8, 2016. (Tr. 21). These applications were denied initially and again upon reconsideration. (Tr. 84-85, 118-119).

Plaintiff then requested an administrative hearing, and the hearing request was granted. (Tr. 38-63). Plaintiff's administrative hearing was held on May 13, 2019 in Alexandria, Virginia. *Id.* At this hearing, Plaintiff and Vocational Expert ("VE") Leonard Francois testified. *Id.* During this hearing, Plaintiff testified she was forty-nine (49) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1563(c) (2008), and had completed the eleventh grade in school and completed CNA training. (Tr. 43-44).

On June 18, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 18-37). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2021. (Tr. 23, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 8, 2016, her alleged onset date. (Tr. 23, Finding 2). The ALJ determined Plaintiff had the following severe impairments: diabetic mellitus type 2, insulin dependent; peripheral neuropathy; status post open acromioplasty with open rotator cuff repair; anxiety; depressive bipolar disorder; adjustment disorder; and post-traumatic stress disorder. (Tr. 23-24, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 24-25, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 26-29, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

2

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can lift and carry 20 pounds occasionally and 10 pounds frequently.  She can stand and/or walk for 6 hours and sit for 6 hours.  She cannot perform any over the shoulder work.  She can perform noncomplex work.  She requires a work environment with only occasional interaction with the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 29, Finding 6).  Plaintiff and the VE testified at the administrative hearing regarding this PRW.  *Id.* Considering her RFC, the ALJ determined Plaintiff was unable to perform any of her PRW.  *Id.*  The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 29-30, Finding 9).  The VE also testified at the administrative hearing regarding this issue.  *Id.*  Considering her RFC, age, education, and work experience, the ALJ determined Plaintiff retained the capacity to perform the following occupations existing in significant numbers in the national economy: (1) housekeeper (light, unskilled) with approximately 139,000 such jobs nationally; (2) labeler (light, unskilled) with approximately 28,000 such jobs nationally; and (3) document specialist (sedentary, unskilled) with approximately 76,000 such jobs nationally.  *Id.*

Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 8, 2016 through the date of the ALJ's decision or through June 21, 2019.  (Tr. 30, Finding 10).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination.  On April 22, 2020, the Appeals Council declined to review the ALJ's disability

determination. (Tr. 1-5). On July 23, 2020, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 11, 2020. ECF No. 6. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable

clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ erred in evaluating her mental RFC; and (B) the ALJ erred by failing to fully and fairly develop the record as to her shoulder impairment. ECF No. 18. The Court will consider both of these arguments for reversal.

**A.  RFC Determination**

Plaintiff claims the ALJ improperly evaluated her mental RFC by relying upon the findings

of the consultative examiners and not the findings of her treating therapist. ECF No. 18 at 2-8. Plaintiff argues the opinions of her treating therapist are entitled to "controlling" weight and should have been given that weight by the ALJ. *Id.* Plaintiff also argues the ALJ failed to consider the factors from 20 C.F.R. § 416.927(c) in his decision to discount the opinions of her treating therapist. *Id.*

Upon review, the Court finds no basis for reversal on this issue. The ALJ did rely upon the findings of consulting physicians, in addition to the record as a whole, when assessing her RFC. (Tr. 26-29). Such a reliance is entirely proper. *See Casey v. Astrue,* 503 F.3d 687, 692-94 (8th Cir. 2007) (affirming the ALJ's decision to weigh the findings of treating and consulting examiners and affirming the ALJ's decision to discount the findings of a treating physician). Indeed, an ALJ may justifiably discount opinions, from treating sources or otherwise, when those opinions are inconsistent or contrary to the medial evidence as a whole. *See Miller v. Colvin,* 784 F.3d 472, 477 (8th Cir. 2015).

As for the opinions of Plaintiff's treating therapist, Ms. Lee, Plaintiff argues the ALJ erred by failing to adopt her findings. ECF No. 18 at 2-8. However, although Ms. Lee did treat Plaintiff, she is a mental health counselor and does not qualify as an "acceptable medical source" such that her opinions should be entitled to controlling weight under the social security regulations. *See* 20 C.F.R. § 416.927(a)(2) (2017). Thus, Plaintiff's argument could be dismissed on this basis alone.

However, despite her status as a therapist, the ALJ did still evaluate Ms. Lee's opinion as a medical opinion, but he found the objective medical evidence did not support her opinions. Ms. Lee did not base the conclusions in her letter by any reason or analysis. (Tr. 1029). Instead, Ms. Lee only provided a laundry list of various diagnoses and treatment but did not include any

6

objective testing or reasoning that would provide evidentiary support for such extreme limitations. *Id.* Thus, even if Ms. Lee were considered an "acceptable source," because the ALJ supplied "good reasons" for discounting her findings, the Court finds no basis for reversal on this issue. *See, e.g., Miller v. Colvin,* 784 F.3d 472, 477-78 (8th Cir. 2015).

### B. Record Development

Plaintiff claims the ALJ erred by failing to develop the record as to her shoulder injury. ECF No. 18 at 10-12. Plaintiff requests her case be reversed and remanded with "directions that the agency obtain an assessment of the impact of her shoulder condition on her functional abilities." *Id.*

Upon review of this claim, the Court also finds no basis for reversal. In determining whether the ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Haley v. Massanari,* 258 F.3d 742, 749-50 (8th Cir. 2001). Here, the transcript contains 1,141 pages. Plaintiff has made no demonstration that further development of this already extensive record would have altered the ALJ's decision or made any difference in Plaintiff's case.

Indeed, in his RFC determination, the ALJ found Plaintiff could not perform "any over the shoulder work" due to her shoulder impairment. (Tr. 26-29, Finding 5). Thus, the ALJ did consider her shoulder restrictions in his RFC determination, and the Court will not remand this action for further development of the record on this issue. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding that "absent unfairness or prejudice, we will not remand").

### 4. Conclusion:

Based on the foregoing, the undersigned finds the ALJ's disability determination is

supported by substantial evidence in the record and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of February 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE